FOSTEPCO CORPORATION et al.,
Appellants,

v.

UNIROYAL, INC., Appellee.

No. 5270.

Court of Civil Appeals of Texas,
Waco.

June 21, 1973.

Rehearing Denied July 12, 1973.

Atwell, Malouf & Bynum (Dan M. Cain), Dallas, for appellants.

Ungerman, Hill, Ungerman & Angrist (Robert C. McGuire), Dallas, for appellee.

HALL, Justice.

Defendants, Fostepco Corporation, Edward Lee Hicks and Ruby Hicks, appeal from a summary judgment awarding plaintiff, Uniroyal, Inc., recovery on a past due note, including interest and ten percent attorney's fees provided for in the note, all in the total sum of $93,518. Defendants are co-makers of the note and plaintiff is payee therein.

The summary judgment record supports the ruling of the trial court unless, as asserted by defendants in each of three points of error, a material issue of fact is raised in the record.

Plaintiff did not except or object to defendants' pleadings and an affidavit in support thereof.

■ Without detailing defendants' pleading and proof, we hold that they are legally sufficient to establish facts which, if true, show that the note sued on was given to plaintiff by defendants in payment of an agreement that violates our state antitrust laws.

■ Defendants affirmatively pleaded illegality of consideration for the note. This is a valid defense as between the original parties. 9 Tex.Jur.2d 281, Bills and Notes, Sec. 259. An agreement in violation of our state antitrust laws is "void and unenforceable in law or equity." V.T.C.A., Bus. & C., Sec. 15.04. Thus, the record presents a material fact question as to defendants' affirmative defense, precluding summary judgment.

Defendants' second point of error, in which they raise the questions of antitrust violation and illegal consideration, is sustained. We find their first and third points to be without merit, and they are overruled.

The judgment is reversed. The case is remanded for trial.